767 P.2d 733

**WOUDENBERG LEASING COMPANY, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**ITT CORPORATION, Defendant/Appellee.**

**No. 2 CA–CV 88–0218.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 8, 1988.

Earl Terman Law Offices by Steven Sharp, Phoenix, for plaintiff/appellant.

Snell & Wilmer, by Douglas W. Seitz, Suzanne McCann and Janet E. Barton, Phoenix, for defendant/appellee.

OPINION

LIVERMORE, Presiding Judge.

A & G Classic Cars, Inc., through its president Richard Hovey, sold a 1965 Bentley to plaintiff Woudenberg Leasing Co.

and then leased it back. Hovey sought permission from Woudenberg to sell the car through an auction to be run by a division of defendant ITT Corporation. He received it in the following letter:

January 4, 1983
Mr. Richard Hovey, President
A & G Classic Cars, Inc.
621 N. Central Ave.
Phoenix, AZ 85004
Dear Mr. Hovey:
You are hereby authorized to sell our 1965 Bentley 4 Door Sedan, Vehicle I.D. No. B172LGJ at the 1983 Kruse Auction in Phoenix.
Upon receipt of cash, cashier's check, or certified funds for $20,424.61 Title and Lien will immediately be executed by Woudenberg Leasing Co. (owner) and Great Western Bank (Lien holder). This amount is valid to January 30, 1983.
Please be advised that if buyer is other than an authorized dealer or wholesaler, sales tax of $1,021.23 will be added for a total including tax of $21,445.84.
Lease terms are available upon prior credit approval.
Sincerely,
Woudenberg Leasing Co.
s/Richard B. Berman
Richard B. Berman
Secretary/Treasurer
Accepted & Agreed
Great Western Bank
s/James C. Adamany
James C. Adamany
Vice President

Because no potential purchaser met the reserve price, the car was not sold at auction. Hovey arranged privately to sell the car to the highest bidder for $16,000. An employee of ITT completed the paperwork for the sale and ITT received a commission. Hovey embezzled the proceeds. Woudenberg sued ITT for negligence. The trial court granted summary judgment, finding, on these facts, that no duty was owed by ITT to Woudenberg. We agree and affirm.

Woudenberg contends first that because ITT was a licensed automobile dealer, it violated A.R.S. § 28–1310 when it sold the Bentley without having possession of the certificate of title. We note first that the sale was between A & G and the purchaser; ITT was merely a facilitator. However, even if ITT is assumed to have violated the statute, and if it is further assumed that the statute was designed to protect innocent owners and purchasers from theft and fraud, the statute plainly is not designed to protect that group of owners who authorize sale by others while retaining the certificate of title as security. One who authorizes a violation of statute is in no position to claim the violation was a breach of duty owed to him. *Price v. Universal C.I.T. Credit Corp.*, 102 Ariz. 227, 427 P.2d 919 (1967).

Woudenberg's second contention is that ITT breached a common law duty to it. It is stated in the briefs that ITT's employee had seen the Woudenberg letter to Hovey. We are cited, however, no record reference to that fact. If ITT did not know that Woudenberg was the owner of the car, it plainly owed no duty to Woudenberg. Even if ITT had seen the letter, the most that could be said was that it knew A & G sold the car for less than it would have to pay for it. For two reasons we believe this is insufficient to create any liability. First, there is no general duty to protect others from harm, nor is there a duty to control the conduct of a third person such as Hovey. See Restatement (Second) of Torts §§ 314–315 (1965); *Cooke v. Berlin*, 153 Ariz. 220, 735 P.2d 830 (App.1987). Second, Hovey's misappropriation of the proceeds of the sale was not a foreseeable risk on the facts here presented. Hovey had been in business for some time, and there was no evidence of prior misbehavior. If we were to hold that theft is foreseeable simply because it sometimes occurs, we would be imposing a duty to insure on those giving money to persons for trans-

mittal to the owner. Something more than the possibility of misappropriation is necessary; there must be facts from which a substantial risk is created. *Dolan Title & Guaranty Corp. v. Hartford Accident &* *Indemnity Co.,* 395 So.2d 296 (Fla.App. 1981). There are none here.

AFFIRMED.

HATHAWAY and HOWARD, JJ., concur.